FILED

2018 NOV 29 PM 3:22

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:18-cv-2056-ORL-28-GJK

CLIFFORD MANLEY,

    Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a DISNEY CRUISE LINE,

    Defendant,
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CLIFFORD MANLEY by and through undersigned counsel, sues Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line, ("DCL") and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, CLIFFORD MANLEY ("Plaintiff"), is a resident of Pennsylvania.

2. Defendant DCL is a foreign entity with its principal place of business in the state of Florida.

3. This is an action for damages that exceed $75,000.00, exclusive of attorneys' fees, interest, and costs.

4. This matter also falls under the admiralty and maritime jurisdiction of this Court.

5. Defendant, at all material times, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or had an office or agency in this state;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the navigable waters of this state; and/or

    d. Committed one or more of the acts stated in Fla. Stat. §§ 48.081, 48.181 or 48.193.

1

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

6. DCL was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the M/V *Disney Dream* (the "Vessel").

7. DCL is subject to the jurisdiction of the Courts of this state.

8. The cause of action asserted in this Complaint arises under the General Maritime Law of the United States.

9. The ticket for the vacation cruise in this matter specifies that suit is to be brought in one of several locations, including in this Court.

10. At all material times, Defendant owned, operated, managed, maintained and/or controlled the Vessel.

11. On or about January 10, 2018, Plaintiff was a fare-paying passenger on Defendant's Vessel upon navigable waters.

12. At all material times, Plaintiff was an above-the-knee amputee, using a wheelchair, and traveling with a disability.

13. At all material times, Castaway Cay was Defendant's private island, owned, leased, controlled, operated, managed, maintained and/or possessed by Defendant and reserved exclusively for DCL guests.

14. As part of providing vacation cruises for guests with disabilities or medical conditions, DCL advertised that it had sand wheelchairs available to its passengers on Disney Castaway Cay,

15. On or about January 10, 2018, while Plaintiff was sitting in a sand wheelchair provided and maneuvered by Defendant on Defendant's private island—Castaway Cay—DCL allowed a hazardous condition to exist regarding the condition of the wheelchair and/or its placement and position on the beach so that the wheelchair toppled to one side injuring Plaintiff's left hip and fracturing his left femur, which required surgery.

## COUNT I - NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16. It was DCL's duty to provide Plaintiff with reasonable care under the circumstances.

17. On or about January 10, 2018, DCL and/or its agents, servants, and/or employees breached the duty to provide Plaintiff with reasonable care under the circumstances.

18. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees, as follows:

   a. Failure to use reasonable care to provide Plaintiff with reasonably safe passage;

   b. Failure to provide an adequate and properly functioning sand wheelchair on Defendant's private island—Castaway Cay;

   c. Failure to properly use brakes and reasonable safeguards to prevent sand wheelchairs from toppling over while in use by disabled passengers;

   d. Failure to adequately and regularly inspect, maintain, monitor and/or keep the sand wheelchairs in a reasonably safe condition;

   e. Failure to have adequate policies and procedures in place for the regular and adequate inspection and maintenance of the sand wheelchairs on Defendant's private island;

   f. Failure to warn of dangers in using sand wheelchairs on Defendant's private island;

   g. Failure to provide properly trained crew to assist disabled passengers on Defendant's private island;

   h. Failure to adequately train, supervise and monitor its crewmembers on the regular and adequate inspection and maintenance of the sand wheelchairs on Defendant's private island;

i. Creating a dangerous condition and/or failing to remedy a dangerous condition regarding the condition or placement of the sand wheelchair on Defendant's private island which was known by the Defendant or which in the exercise of reasonable care should have been known by the Defendant;

j. Failure to utilize proper and/or adequate maintenance, repair, and/or inspection procedures so as to ensure that the sand wheelchairs are properly functioning and reasonably safe;

k. Failure to warn of the dangerous condition and/or placement of the sand wheelchair;

l. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to walkways and areas accessible to passengers like the Plaintiff; and/or

m. Failure to ascertain the cause of prior similar accidents happening on Defendant's private island, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident.

19. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the sand wheelchair toppling over and severely injuring Plaintiff.

20. Defendant overtly created the dangerous condition which injured Plaintiff by negligently placing Plaintiff in an unstable sand wheelchair and/or on an unstable beach surface. *See, e.g., Rockey v. Royal Caribbean*, 2001 WL 420993 (S.D. Fla. 2001) (no need to prove notice where the cruise line improperly stored a bingo board that fell on P's head); *McDonough v. Celebrity*, 64 F.Supp. 2d 259 (S.D.N.Y. 1999) (no need to prove notice when a passenger was struck by a falling coconut drink placed on a ledge by the cruise line).

21. In addition, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

22. As a direct and proximate result of the Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions, incurred medical expenses in the care and treatment of injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future, pain and suffering and future medical expenses. In addition, Plaintiff lost the benefit of the vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury.

Dated: November 27, 2018

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: /s/ *Adria G. Notari*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
E-mail: mwinkleman@lipcon.com
**ADRIA G. NOTARI**
Florida Bar No. 87272
E-mail: anotari@lipcon.com